FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 NOV -3  AM 10: 42

CLERK, US DIST
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

COCONUT ISLAND, LLC,

    Plaintiff,

vs.                                                                              CASE NO. 3:16cv1383-J-25JRK

AMERICAN ECONOMY
INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant American Economy Insurance Company ("American Economy"), by and through undersigned counsel, pursuant to 28 U.S.C. §1441(a), removes an action pending in the Circuit Court of the Seventh Judicial Circuit of Florida, in and for Flagler County, styled *Coconut Island, LLC v. American Economy Insurance Company*, Case No. 2016-CA-000564, where Plaintiff Coconut Island, LLC ("Coconut Island") sued Defendant American Economy Insurance Company ("American Economy"), and states:

## TIMELY NOTICE OF REMOVAL

1.    Coconut Island sued American Economy in Flagler County Circuit Court on September 15, 2016. The Complaint alleges two counts for breach of contract arising out of losses dated April 23, 2015 and August 20, 2015.

2.    On October 4, 2016, the State of Florida Department of Financial Services served American Economy with the Complaint by electronic delivery to Lynette Coleman, the designated agent for American Economy.[1]

3.    Therefore, this Notice of Removal is filed timely within 30 days of

---

[1] Exhibit A, Summons and Complaint.

American Economy's receipt through service of a copy of the initial pleading setting forth a claim for relief, pursuant to 28 U.S.C. § 1446(b), and within a year of the filing of the lawsuit.

## VENUE

4.     Venue is proper in the United States District Court for the Middle District of Florida, Jacksonville Division because the state court action originated in Flagler County, Florida.[2]

## JURISDICTION

5.     This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. American Economy is entitled to remove this action, pursuant to 28 U.S.C. § 1441.

## COMPLETE DIVERSITY EXISTS

6.     At the time of the lawsuit and the filing of this Notice of Removal, there was, and still is, complete diversity between Coconut Island (a citizen of Florida) and American Economy (not a Florida citizen).

7.     American Economy is not a citizen of Florida. It is not incorporated under the laws of Florida and does not have its principal place of business in Florida. American Economy is a corporation organized under the laws of Indiana, and its principal place of business is in Boston, Massachusetts. Accordingly, American Economy is a citizen of Indiana and Massachusetts for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

---

[2] See Local Rule 1.02(b)(1); 4.02(a).

2

8.  Coconut Island is a citizen of Florida. It is a Florida Limited Liability Company with a principal place of business in Palm Coast, Florida. According to Electronic Articles of Organization and Annual Reports from 2004 to 2016, Richard Rubin, Sr., Richard Rubin, Jr., and Antoinette Rubin have been members of Coconut Island, LLC.[3] The latest Annual Report of March 26, 2016 lists Antoinette Rubin as a member. Richard Rubin, Sr., Richard Rubin, Jr., and Antoinette Rubin are Florida citizens. Therefore, Coconut Island, LLC is a Florida citizen for purposes of diversity jurisdiction.[4]

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

9.  American Economy issued an insurance policy to Coconut Island.[5]

10. Coconut Island presented two claims to American Economy with two dates of loss.

11. The first claim arises out of an April 23, 2015 date of loss. That claim is the basis of Count I in the Complaint.

12. The second claim arises out of an August 20, 2015 date of loss. That claim is the basis of Count II in the Complaint.

13. American Economy extended coverage for both losses.

14. Coconut Island never quantified its damages for the April 23, 2015 loss.

15. But Coconut Island quantified its damages for the August 20, 2015 loss.

---

[3] Although perhaps more than necessary for purposes of establishing citizenship, please see Composite Exhibit B. These reports are official state documents from the Florida Department of State, Division of Corporations. American Economy requests that this Court take judicial notice of these documents pursuant to Rule 201 of the Federal Rules of Evidence since it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." F.R.E. 201(b)(2).

[4] See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004) (holding that a limited liability company is a citizen of any state of which a member of the company is a citizen).

[5] Exhibit C.

Coconut Island sent American Economy a Sworn Statement in Proof of Loss. The Proof of Loss claims $115,564.18 for Replacement Cost damages. It claims $112,344.54 for Actual Cash Value damages by subtracting $2,219.64 for depreciation and applying the policy's $1,000 deductible to the Replacement Cost total.[6]

16. American Economy paid Coconut Island $12,873.54 for damages related to the April 23, 2015 date of loss. Additionally, American Economy paid a mitigation company $3,876.16 for water mitigation. American Economy paid $16,749.70 total for damages and mitigation related to the April 23, 2015 date of loss.

17. American Economy paid Coconut Island and its counsel $10,436.46 total for damages related to the August 20, 2015 date of loss.

18. The amount in controversy between Coconut Island and American Economy for damages related to the August 20, 2015 loss exceeds the $75,000 amount in controversy requirement for diversity jurisdiction, exclusive of interest and costs. The amount in controversy for the August 20, 2015 loss is $101,908.08.[7]

19. American Economy, however, cannot determine the precise amount in controversy for damages related to the April 23, 2015 date of loss because Coconut Island failed to quantify its damages for that claim.

20. The Complaint alleges that American Economy breached the insurance policy when it failed to fully pay Coconut Island for two covered losses.

21. In the Complaint, Coconut Island pleads almost identical counts. The two claims and two counts that form the basis for the Complaint are pleaded together in the same action. The only difference between Counts I and II is the alleged date of loss.

---

[6] Exhibit D, Sworn Statement in Proof of Loss and estimate from RM & Associates Consulting, Inc.
[7] This amount is the difference between Coconut Island's Actual Cash Value damages of $113,344.54 subtracted by the $10,436.46 paid by American Economy and the policy's $1,000 deductible.

4

Coconut Island joined the two claims in one lawsuit.

22. This Court has original jurisdiction over Coconut Island's August 20, 2015 claim by way of diversity jurisdiction under 28 U.S.C. § 1332(a). Moreover, the August 20, 2015 claim, standing alone, meets the requirements for removal based on diversity jurisdiction and the disputed amount in controversy.

23. Federal district courts possess only that power authorized by Constitution and statute. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005). Once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. Id.

24. This Court has supplemental jurisdiction over Coconut Island's April 23, 2015 claim under 28 U.S.C. § 1367(a). The April 23, 2015 claim is so related to the August 20, 2015 claim (i.e., the original jurisdiction claim) that it forms part of the same case or controversy. Both claims are intertwined. They arise out of the same core of common facts. See United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 725 (1966); Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1563-64 (11th Cir. 1994); Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 747 (11th Cir. 2006).

## COMPLIANCE WITH 28 U.S.C. § 1446

25. American Economy files copies of all process, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. § 1446, and the Local Rules of this Court.[8]

26. Pursuant to 28 U.S.C. § 1446(d), American Economy provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal

---

[8] See Local Rule 4.02(b).

and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Seventh Judicial Circuit in and for Flagler County, Florida. Attached to this notice is a copy of all process, pleadings, and orders served upon American Economy, as required by 28 U.S.C. § 1446(a).[9]

WHEREFORE, American Economy Insurance Company requests that this Court exercise jurisdiction over this matter.

        BUTLER WEIHMULLER KATZ CRAIG LLP

        s/ Hudson Jones
        J. PABLO CÁCERES, ESQ.
        Florida Bar No.: 131229
        pcaceres@butler.legal
        HUDSON JONES, ESQ.
        Florida Bar No.: 44290
        hjones@butler.legal
        400 N. Ashley Drive, Suite 2300
        Tampa, Florida  33602
        Telephone:   (813) 281-1900
        Facsimile:    (813) 281-0900
        Attorneys for Defendant American Economy Insurance Company

---

[9] Exhibit A.

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

Thomas J. Morgan, Jr., Esq.
The Morgan Law Group, P.A.
55 Merrick Way, Suite 404
Coral Gables, FL 33134
mlg.eservice@yahoo.com
Secondary: tmorgan@morganlawgroup.net
Attorneys For: Plaintiff

by U.S. Mail on November 2, 2016.

s/ Hudson Jones
HUDSON JONES, ESQ.