UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COCONUT ISLAND, LLC,

    Plaintiff,

vs.                                    Case No. 3:16-cv-01383-HLA-JRK

AMERICAN ECONOMY
INSURANCE COMPANY,

    Defendant.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendant, AMERICAN ECONOMY INSURANCE COMPANY ("American Economy"), by and through its undersigned counsel, responds to Plaintiff, COCONUT ISLAND, LLC'S ("Plaintiff") Complaint:

1. Admitted for the purpose of establishing jurisdiction, otherwise denied.

2. Admit.

3. Admitted American Economy was and is an insurance company licensed to write insurance policies within the State of Florida, and specifically within Flagler County, Florida. Remainder denied.

4. Admitted Plaintiff owns the property located at 101 Palm Harbor Parkway, Suite 117, Palm Coast, Flagler County, Florida. Remainder denied.

5. Admitted American Economy issued an insurance policy to Plaintiff. Admitted a copy of the policy is not attached to the Complaint. Admitted American Economy has a copy of the policy within its possession. *See* Exhibit A. Remainder denied.

6. Admitted only to the extent consistent with the terms, conditions, and provisions of the policy, otherwise denied. Remainder, if any, vague, therefore, denied.

7. Admitted only to the extent consistent with the terms, conditions, and provisions of the policy, otherwise denied. Remainder, if any, vague, therefore, denied.

8. Denied. Specifically, Plaintiff presented two claims to American Economy. The first claim alleged a loss date of April 23, 2015. The second claim alleged a loss date of August 20, 2015. Before Plaintiff filed its lawsuit against American Economy, Plaintiff failed to fulfill post-loss conditions under the policy, as requested.

Plaintiff did not fulfill the policy's condition requiring Plaintiff to appear at an Examination Under Oath. American Economy demanded that Plaintiff sit for an Examination Under Oath to investigate the scope and amount of damages for the alleged losses of April 23, 2015 and August 20, 2015. American Economy demanded the Examination Under Oath so it could investigate the two claims beyond what was already paid. American Economy also wanted to evaluate the scope and amount of damages claimed in Plaintiff's Sworn Statement in Proof of Loss. Instead of sitting for an Examination Under Oath, Plaintiff sued American Economy instead.

Plaintiff did not submit a Sworn Statement in Proof of Loss for its August 20, 2015 loss to American Economy timely. Plaintiff did not comply with the policy's post-loss condition that it must submit a Sworn Statement in Proof of Loss within 60 days after American Economy's request. In December 2015, American Economy requested a Sworn Statement in Proof of Loss from Plaintiff. American Economy provided Plaintiff with the proper form. On March 17, 2016, beyond the 60-day policy condition, Plaintiff submitted an incomplete and inaccurate Sworn Statement in Proof of Loss. The

damages alleged in the Proof of Loss did not match the damage calculations in the supporting estimate prepared by Prestige. The Prestige estimate contained Replacement Cost damages only. But it had no quantified calculations for depreciation or Actual Cash Value damages. Plaintiff submitted an incomplete Sworn Statement in Proof of Loss beyond the 60-day policy requirement. American Economy could not determine the basis of the Proof of Loss because the Replacement Cost and Actual Cash Value damages claimed by Plaintiff were not consistent with the scope and amount of damages estimated by Prestige.

Plaintiff submitted a second Sworn Statement in Proof of Loss for damages related to the August 20, 2015 loss to American Economy. The second Sworn Statement in Proof of Loss was signed July 28, 2016. It attached a new damage estimate from RM & Associates Consulting, Inc., which calculated Plaintiff's damages higher than the Prestige estimate. The second Sworn Statement in Proof of Loss, like the first one, violated the policy's 60-day requirement. Plaintiff submitted it five months late. Plaintiff's untimely submission of the Sworn Statement in Proof of Loss prejudiced American Economy's investigation of the August 20, 2015 loss.

Plaintiff submitted no documentation in support of its alleged business income loss. American Economy requested documents, records, invoices, and statements supporting Plaintiff's business income loss. But Plaintiff produced nothing. Therefore, it was impossible for American Economy to investigate Plaintiff's business income loss. Plaintiff's refusal and failure to provide documentation in support of its business income loss prejudiced American Economy.

The policy requires Plaintiff to sit for an Examination Under Oath, submit a

3

properly completed Sworn Statement in Proof of Loss within 60 days after one is requested, and provide documentation in support of its business income claim. But Plaintiff failed to fulfill all three of these post-loss duties before filing the lawsuit.

The policy's "Duties In The Event Of Loss Or Damage" provision states Plaintiff's post-loss duties. The provision that applies states:

> **E.     Property Loss Conditions**
>
>     \*\*\*
>
> **3.     Duties In The Event Of Loss Or Damage**
>
>   **a.**   You must see that the following are done in the event of loss or damage to Covered Property:
>
>     **(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
>
>     **(8)** Cooperate with us in the investigation or settlement of the claim.
>
>     **(9)** Resume all or part of your "operations" as quickly as possible.
>
>   **b.**   We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

Plaintiff cannot sue American Economy until it complies, fully, with all the terms of the policy, and fulfills all post-loss duties. Plaintiff's lawsuit violates the policy's "Legal Action Against Us" provision. That provision states:

> **4.     Legal Action Against Us**

> No one may bring a legal action against us under this insurance unless:
>
> **a.**  There has been full compliance with all of the terms of this insurance; and

***

At the time Plaintiff filed its lawsuit against American Economy, Plaintiff had no right to payment and no right to sue.

Additionally, to the extent it is considered a policy condition; American Economy denies that Plaintiff incurred costs to show entitlement to Replacement Cost benefits for the April 23, 2015 and August 20, 2015 losses.

## COUNT I – BREACH OF CONTRACT

9. American Economy re-alleges and re-avers paragraphs 1-8 as though fully set forth herein.

10. Admitted only that, in investigating the claim, the loss was accepted as occurring, otherwise without knowledge, therefore, denied.

11. Admitted Plaintiff's property sustained damage. Remainder denied.

12. Admitted Plaintiff gave American Economy timely notice of the loss. Remainder denied.

13. Denied.

14. Denied.

## COUNT II – BREACH OF CONTRACT

15. American Economy re-alleges and re-avers paragraphs 1-8 as though fully set forth herein.

16. Admitted only that, in investigating the claim, the loss was accepted as

occurring, otherwise without knowledge, therefore, denied.

17.    Admitted Plaintiff's property sustained damage. Remainder denied.

18.    Admitted Plaintiff gave American Economy timely notice of the loss. Remainder denied.

19.    Denied.

20.    Denied.

WHEREFORE, Defendant, AMERICAN ECONOMY INSURANCE COMPANY, respectfully requests judgment in its favor, costs of this action and such other relief as this Court deems appropriate under the circumstances. Defendant demands a jury trial on all issues triable as a matter of right.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ Hudson Jones
J. PABLO CÁCERES, ESQ.
Florida Bar No.: 131229
pcaceres@butler.legal
HUDSON JONES, ESQ.
Florida Bar No.: 44290
hjones@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for Defendant American Economy Insurance Company

**CERTIFICATE OF SERVICE**

I certify that on November 10, 2016, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will send a Notice of Electronic Filing to the following:

>Thomas J. Morgan, Jr., Esq.
>The Morgan Law Group, P.A.
>55 Merrick Way, Suite 404
>Coral Gables, FL  33134
>mlg.eservice@yahoo.com
>Secondary:  tmorgan@morganlawgroup.net
>Attorneys For:  Plaintiff

>s/ Hudson Jones
>HUDSON JONES, ESQ.